CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

APR 17 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JUDY S. ARGENBRIGHT,<br><br>                   *Plaintiff,*<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                   *Defendant.* | CIVIL ACTION NO. 6:05-CV-00038<br><br><br>OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner's denial of her claim for Disability Insurance Benefits under Title II of the Social Security Act. By standing order of the Court, this case was referred to the Michael F. Urbanski, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Both parties filed motions for summary judgment. The Magistrate filed his Report and Recommendation ("Report") on November 16, 2006 recommending that this Court enter an Order upholding the findings of the Commissioner and dismissing the case.

On December 14, 2006, Plaintiff filed Objections to the Report, which obligated this court to make a *de novo* determination with respect to those portions of the report to which objections were made.[1] 28 U.S.C.A. § 636(b)(1). After a thorough examination of Defendant's objections, the applicable law, and the documented record, this Court ADOPTS the Report in full

---

[1] Ordinarily, such late objections would have been untimely. However, in this case, a timely motion for an extension of time was filed and granted.

and orders the case DISMISSED.

## I. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1990).

It is the duty of the Commissioner reviewing a case, not the responsibility of this Court, to make findings of fact and to resolve conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) (holding that the court does not find facts or try the case de novo when reviewing disability determinations).

## II. DISCUSSION

Plaintiff raises the following objections to the Report: 1) the Report improperly discounted Plaintiff's credibility because the Magistrate misunderstands the record evidence including the Daily Activities Questionnaire and the extent of Plaintiff's physical ailments and their treatment, 2) the ALJ gave inadequate weight to the opinions of Dr. William Andrews, and the Report did not address this failure, and 3) the hypothetical questions posed to a vocational expert by the ALJ did not include restrictions imposed by Dr. Andrews and thus were not relevant, and the Report again failed to discuss this problem.

Evaluation of credibility is committed to the ALJ, and this Court, two levels removed from the hearing at which Plaintiff testified, will disturb a credibility determination only in the rarest of circumstances. The ALJ has provided an convenient summary of the inconsistencies between Plaintiff's statements and behavior with her personal physicians and to those charged with determining disability on page 20 of the record. The Plaintiff's point-by-point discussion of the medical record is unavailing because it is not the role of this Court to decide who is right; as the *Laws* case teaches, even if I were convinced that the Plaintiff had show disability by the preponderance of the evidence, the ALJ's decision could still be upheld if based on substantial evidence. I find that the ALJ's finding of reduced credibility is supported by substantial evidence as explained on page 20 of the record, and it will be upheld.

Plaintiff is correct that the opinions of treating physicians are entitled to great weight and may only be disregarded with persuasive contradictory evidence. *See Wilkins v. Dept. of Health and Human Services*, 953 F.2d 93, 96 (4th Cir. 1991). But Plaintiff's citation of several medical "opinions" given by Dr. Andrews do not overcome the record evidence. Pages 382-88 of the record contain a questionnaire directed to Dr. Andrews by the non-lawyer disability representatives who handled Plaintiff's claim at the administrative review level. Dr. Andrews checked boxes and filled out some spaces with the limitations Plaintiff suffers. This sort of conclusory medical assessment cannot be entirely disregarded, but it cannot be accorded controlling weight by itself. Significantly, Dr. Andrews did not ever answer an essential question which appeared under each section of the forms: "What are the medical findings that support this assessment?" For the medical findings, there are no alternatives but to turn to Dr. Andrews actual treatment notes. This is precisely what the ALJ did, as well as considering the notes of other doctors and of the physical therapists who performed a Functional Capacity evaluation.

Considering all of this evidence, the ALJ concluded that the disability questionnaire was inconsistent with the remainder of the record. (R. 21) Conclusory findings not supported by the objective record may be disregarded. *Craig v. Chater*, 76 F.3d 585 (4th Cir 1996). Plaintiff's objection that the Report "did not address" this argument is clearly incorrect; the Magistrate discussed it on pages 18-19. In reviewing the record, I find that the ALJ's decision to disregard the questionnaire is supported by substantial evidence and will not be disturbed.

For the same reason, Plaintiff's objection that the ALJ did not include the limitations reflected by the disability questionnaire in his hypothetical question to the vocational expert must be rejected. The ALJ did not include those limitations because he concluded that they were not supported by the record. Whatever possible effect they might have had on the occupational base, if the ALJ finds that those limitations do not exist, he need not include them in his hypothetical questions. Again, the Report discusses exactly this point on pages 23-24. Because the ALJ rejected Dr. Andrews' statement of limitations as inconsistent with the record, there is no need to include them in any hypothetical questions, and the failure to do so was not error.

### III. CONCLUSION

The Plaintiff's Motion for Summary Judgment is DENIED. Defendant's Motion is GRANTED. The Report of the Magistrate is ADOPTED in its entirety and the finding of the Commissioner is UPHELD. This case shall be STRICKEN from the docket of this Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _____
U.S. District Court Judge

April 17, 2007